# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG APKER, Warden<br><br>    Respondent. | Case No. 1:16-cv-00295-MJS<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S REQUEST FOR INJUNCTIVE RELIEF AND TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**(ECF NOS. 8, 9)**<br><br>THIRTY (30) DAY OBJECTION DEADLINE |

    Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Respondent Craig Apker is represented by Roger Yang of the United States Attorney's Office, Eastern District of California.

    Petitioner filed the instant petition for writ of habeas corpus on March 3, 2016. (Pet., ECF No. 1.) He contends that private contractors employed at Taft Correctional

Institution – rather than Bureau of Prisons employees – conducted his prison disciplinary proceedings, in violation of 28 C.F.R. §§ 500.1(b) and 541.10. Plaintiff alleges that, as a result of this defect, he was assessed a loss of good time credits in violation of his due process rights.

On May 2, 2016, Petitioner filed an "opposition" to the results of a later disciplinary hearing and sought to enjoin the results of that hearing. (ECF No. 8.)

On May 3, 2016, Respondent filed a motion to dismiss the petition on mootness grounds. (Motion, ECF No. 9.) On May 23, 2016, Petitioner filed a response. (ECF No. 10.) Respondent filed no reply and the time for doing so has passed. The matter stands ready for adjudication.

I.  **Factual and Procedural History**

Petitioner was sentenced on March 7, 2007 to a determinate 135-month term of imprisonment for the offense of conspiracy to distribute more than 500 grams of methamphetamine. (Motion, Exh. 1, Attachment 1; ECF No. 9-1 at 7.) At the time he filed his petition, Petitioner was incarcerated at the Federal Correctional Institution in Taft, California. (ECF No. 1.)

On June 16, 2012, Petitioner was accused of engaging in a sexual act. (Motion, Exh. 1, Attachment 2; ECF No. 9-1 at 10.) A hearing on the disciplinary charge was conducted on July 19, 2012. (Id.) The hearing was conducted by Discipline Hearing Officer ("DHO") Curtis Logan, an employee of Management & Training Corporation ("MTC"), the private company contracted to operate Taft. (Id.; ECF No. 1.) DHO Logan found the allegations true, disallowed 27 days of good conduct time, and imposed 60 days of disciplinary segregation. (Motion, Exh. 1, Attachment 2; ECF No. 9-1 at 11.)

Subsequently, in 2013, the United States Court of Appeals for the Ninth Circuit decided Arrendondo-Virula v. Adler, 510 F. Appx. 581 (9th Cir. 2013). In this unpublished opinion, the Ninth Circuit invalidated a disciplinary determination made by Mr. Logan, as an employee of MTC, on the ground that he was not authorized to

1 discipline a prisoner pursuant to the then-current version of 28 C.F.R. § 541.10(b)(1) (2010) because he was not an "employee of the Bureau of Prisons or Federal Prison Industries, Inc." Id. at 582 (citing 28 C.F.R. § 500.1(b)).

Petitioner underwent a new disciplinary hearing on April 19, 2016 with DHO Richard Deveraux, an employee of the Bureau of Prisons. (Motion, Exh. 1, Attachment 2; ECF No. 9-1 at 2, 14-16.) The new disciplinary hearing was conducted "based upon pending litigation filed by [Petitioner] with the courts," presumably a reference to the instant petition. (Id. at 15.) Deveraux found the allegation against Petitioner to be true and reimposed the sanctions. (Id. at 16.)

At the time Respondent filed his motion to dismiss, Petitioner's projected release date was June 21, 2016. (Id. at 7.) On June 23, 2016, Petitioner filed a notice of change of address with the Court, listing a non-custodial address. (ECF No. 11.)

## II. Discussion

The petition seeks the reinstatement of good time credits based on defects in Petitioner's initial, July 19, 2012, disciplinary hearing. (ECF No. 1.) Respondent contends that the petition is moot because the defects in the initial disciplinary hearing were remedied when the matter was reheard by DHO Devereaux, a BOP employee.[1] (ECF No. 9.) Petitioner contends that the petition is not moot because the rehearing was "infected" by the conduct of MTC employees and there is insufficient evidence to support the decision by DHO Devereaux.

### A. Legal Standard

A case becomes moot when it no longer satisfies the case-or-controversy

---

[1] The Court notes that it appears Petitioner was released from prison subsequent to briefing on Respondent's motion. (ECF No. 11.) This may be an additional ground for concluding the Petition is moot. See, e.g., Kittel v. Thomas, 620 F.3d 949 (9th Cir.2010) (dismissing as moot a petition challenging the denial of early release where there was no live, justiciable question on which the parties disagreed); Pacheco-Lozano v. Benov, No. 1:13-CV-00526-AWI, 2014 WL 28805, at *3 (E.D. Cal. Jan. 2, 2014) (dismissing as moot challenge to disciplinary proceeding by Taft employee on the ground Petitioner had been released); but see Mujahid v. Daniels, 413 F.3d 991, 995 (9th Cir. 2005) (challenge to calculation of good time credits not moot where petitioner was on supervised release). Because the parties have not addressed this issue and the Court is without information regarding the terms of Petitioner's release from prison or his current custodial status, his release is not relied on herein as a basis for dismissal.

requirement of Article III, Section 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. Id. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court. See id. Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098. (9th Cir. 2000). When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

### B. Challenge to July 19, 2012 Hearing

The claims asserted in the petition are no longer in controversy. In the present case, it appears that the only relief Petitioner sought in his petition was invalidation of the findings and sanctions resulting from his July 19, 2012 disciplinary hearing on the ground that the hearing officer was unqualified under the applicable regulations. However, the charges were reheard by an officer who had the very qualifications that Petitioner alleged were required. DHO Devereaux reheard the charge, considered statements by Petitioner and witnesses, weighed the evidence, rendered independent findings and, based thereon, imposed sanctions on Petitioner. Thus, the original findings and sanctions that constituted the basis for Petitioner's challenges in the petition have now been superseded by the findings and sanctions of a BOP DHO.

The procedural error in the July 19, 2012 hearing was remedied. The rehearing of the disciplinary charge by a qualified DHO has effectuated the relief sought by Petitioner. Therefore, it is no longer possible for this Court to issue a decision redressing the injury that he alleges he suffered as a result of the July 19, 2012 disciplinary hearing.

Furthermore, to the extent Petitioner seeks to challenge the results of the April 19, 2016 hearing on due process grounds, he must first exhaust his available administrative remedies and then file a new habeas petition. See Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (holding that exhaustion is required under 28 U.S.C. § 2241); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (same); Rivas v. Benov, No. 1:14-CV-01109-SAB-HC, 2015 WL 367473, at *2 (E.D. Cal. Jan. 27, 2015) (declining to address issues arising from rehearing where only claims based on original hearing were exhausted); see also 28 C.F.R. §§ 542.10–542.19 (setting forth the BOP's administrative procedures).

### C. Challenges to Other Regulatory Violations

Although not alleged in the petition, Petitioner now argues that the controversy is not moot because both hearings were "infected" by the involvement of MTC employees in earlier stages of the disciplinary process, in violation of 28 C.F.R. § 541.5, which requires "staff" to witness or suspect a violation and issue an incident report, 28 C.F.R. § 541.5(a); and requires a "Bureau staff member" to investigate the incident report, 28 C.F.R. § 541.5(b). (ECF Nos. 8, 10.) Here, it appears that MTC employees issued and investigated the incident report.

Because Petitioner was accused of misconduct that could result in the loss of good time credit, he was entitled to the following minimal procedural protections in the conduct of his disciplinary proceedings: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). The Supreme Court has held that the standard of review with regard to

the sufficiency of the evidence in such proceedings is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing officer, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

Petitioner does not contend that any of the Wolff procedures were lacking.[2] Rather, he alleges that prison regulations were not followed. Generally a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989), overruled on other grounds by Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016). In the absence of controlling authority, the Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, Civ. No. 2:07 cv–02436–VAP (HC), 2010 U.S. Dist. LEXIS 39749, 2010 WL 1236308, at *4 (E.D. Cal. Mar. 26, 2010) (recognizing that, while neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir.1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 U.S. Dist. LEXIS 105665, 2008 WL 5381964, *5 (E.D. Cal. Dec. 22, 2008); and Gonzalez v. Clark, No. 1:07-cv--0220 AWI JMD HC, 2008 U.S. Dist. LEXIS 82011, 2008 WL 4601495, at *4

---

[2] He does contend that the evidence in the second hearing was insufficient. However, even if this issue was properly before the Court in this petition, the record demonstrates that there was "some evidence" to support the decision, in the form of the reporting officer's statement.

(E.D. Cal. Oct. 15, 2008)); see also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner who challenged the government's delayed compliance with a procedural regulation that required counsel to be appointed before a record review in parole revocation proceedings was required to demonstrate prejudice to be entitled to habeas relief); Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a parolee to demonstrate that failure to permit a witness's live testimony at a revocation hearing was so prejudicial as to violate due process).

The Court concludes that Petitioner was not prejudiced by any regulatory violations preceding the disciplinary hearing. The incident report written by an MTC employee apparently was the only evidence presented against Plaintiff. (ECF No. 9-1 at 15.) That report contained a statement by the reporting officer describing her observation of Plaintiff and the event at issue in the disciplinary charge. However, nothing before the Court suggests that the officer's statement would have been different had it been memorialized by a BOP employee. Notably, "Section 541.5 does not require BOP staff to witness the prohibited act." Arellano v. Benov, No. 1:13-CV-00558-AWI-MJS, 2014 WL 1271530, at *10 (E.D. Cal. Mar. 27, 2014).

Furthermore, documentation attached to the motion to dismiss shows that the BOP DHO considered not only the incident report and investigation, but also Petitioner's statement and the testimony of Petitioner's witness. (ECF No. 9-1 at 15-16.) The DHO made detailed findings regarding the credibility of Petitioner's account and the reasons for the DHO's conclusions. These facts undercut Petitioner's general allegation that he suffered a taint from the participation of non-BOP employees in the incident report and investigation. From these circumstances, the Court concludes that Petitioner has not suffered any prejudice from participation of non-BOP staff in the earlier stages of the disciplinary process.

**D.     Conclusion**

In summary, the claims in the petition before the Court are no longer subject to redress by the Court. Further, the factual accuracy of the findings on rehearing are not seriously disputed, the record establishes that Petitioner received procedural due process of law, and there is no indication that Petitioner suffered any legally cognizable prejudice.

Although Petitioner now alleges that other details of the early stages of the prison's disciplinary program were not conducted consistently with applicable regulations, the foregoing analysis leads the Court to conclude that any such alleged deficiencies did not bear on the legality or duration of Petitioner's confinement. As such, they do not fall within the core of habeas corpus jurisdiction.

**III.    Conclusion and Recommendation**

Because Respondent has not submitted a consent to or declination of Magistrate Judge jurisdiction, the Clerk of Court is HEREBY DIRECTED to assign a District Judge to this matter.

Furthermore, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's request for injunctive relief (ECF No. 8) be DENIED;
2. The motion to dismiss (ECF No. 9) be GRANTED; and
3. The petition be dismissed at moot.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 11, 2017         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE